# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEFFREY D. POWELL, II, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:11-CV-248 PS |
| SUPERINTENDENT, Miami Correctional Facility, | ) ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Jeffrey Powell, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction in the Fayette Circuit Court in Connersville, Indiana, for dealing in and possession of a controlled substance, and other offenses, for which he received a sentence of 20 years imprisonment [DE 1].

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." 28 U.S.C. § 2254. This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those that obviously lack merit.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A). To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-46 (1999). Failure to exhaust available state court

remedies constitutes a procedural default. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan,* 526 U.S. at 844.

Powell pled guilty to the charges against him, and did not take a direct appeal from his conviction [DE 1 at 1]. He states that he filed a petition for post-conviction relief on February 15, 2010 [*Id*.]. But he concedes that he has not presented the claims he raised in his petition for post-conviction relief to the Court of Appeals of Indiana or the Indiana Supreme Court [*Id*. at 1-2]. Additionally, for each of the grounds for relief he presents, Powell checked "no" in answer to the question "Did you present [this] ground . . . to the Indiana Supreme Court" [*Id*. at 3].

Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. There is no suggestion here that Indiana's corrective process is not capable of protecting the rights of the applicant, and Powell's petition does not meet the requirements necessary for this Court to excuse the exhaustion doctrine. Accordingly, the Court must dismiss this petition because it establishes on its face that Powell has not exhausted his state court remedies. The dismissal will be without prejudice to Powell's right to file a new petition for writ of habeas corpus raising these claims if he is able to exhaust his state court remedies on the claims presented in his petition for post-conviction relief.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must now consider whether to grant Powell a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Second, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

As I noted, Powell has not exhausted his state court remedies as to any of the claims he wishes to present to the Court. And he has not established that jurists of reason would debate the correctness of this procedural ruling. Accordingly, I decline to issue Powell a certificate of appealability.

For the foregoing reasons, the Court **DISMISSES** this petition [DE 1] without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and **DENIES** the Petitioner a certificate of appealability.

**SO ORDERED.**

ENTERED: June 30, 2011

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT